UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RICKY KIDD,<br><br>        Plaintiff,<br><br>GEORGE BARRIOS, DAVID BERNARD, ROBERT GUFFEY, KENT MORTON, JAY PRUETTING, RONALD RUSSELL, AND JAY THOMPSON,<br><br>        Defendants. | Civil Action No. 4:21-CV-00578-FJG |

**JOINT STATUS REPORT**

Plaintiff Ricky Kidd and Defendants George Barrios, David Bernard, Robert Guffey, Kent Morton, Jay Pruetting, Ronald Russell, Jay Thompson, by their attorneys, and in accordance with the Court's Order of February 26, 2025 (Dkt. No. 196), file this joint status report on proposed dates for a jury trial and the estimated length of trial.

The parties estimate that the trial will take place over four weeks.

**Plaintiff's Position**

Plaintiff's counsel propose that trial take place during a four-week window in the time period between October 13, 2025, and November 21, 2025. (Plaintiff's counsel is currently scheduled to be on trial in another matter during the month of December 2025, but will alert the Court if that matter reaches pre-trial resolution.)

Plaintiff understands that Defendants propose the trial to take place in February 2026 due to parental leave of attorneys Lucinda Luetkemeyer and Paul Brothers. Although Plaintiff's counsel certainly appreciates the importance of parental leave, Ms. Luetkemeyer was just added

1

to the defense team last month following the Court's decision on summary judgment and Mr. Brothers is one of multiple lawyers on the defense team. Plaintiff's understanding is that the partners on the defense team throughout the course of this litigation are available for trial in the fall of 2025. If trial were to begin in February 2026, over a year would pass between the Court's ruling on summary judgment and trial, impeding the efficient resolution of this case, which was filed in 2021. Additionally, this case arises out of events that took place twenty-nine years ago and Plaintiff has serious ongoing health issues that counsel in favor a trial as soon as possible.[1] Because Plaintiff is prejudiced by further delay, and given that Defendants' counsel would have over six months to staff a new, supporting team member before a trial in the fall, Plaintiff's counsel respectfully requests that trial be scheduled for fall 2025.[2]

**Defendants' Position**

Defendants propose a trial beginning in February 2026, approximately 90 days after the dates proposed by Plaintiff's counsel, to accommodate the planned parental leave of two of Defendants' trial counsel.

As Defendants informed Plaintiff's counsel, two of Defendants' trial counsel are each expecting the birth of their first children in late July and mid-September 2025, respectively, necessitating a 90-day extension to Plaintiff's proposal of an October-November 2025 trial date. Lucinda Luetkemeyer and Paul Brothers, who will each take parental leave (largely overlapping), will serve as trial counsel in this matter along with Nathan Garrett. Aaron Craig, while entered in the case, has had very little involvement in the matter and as of this time is not expected to be part

---

[1] Plaintiff's robust medical record disclosures during discovery and Plaintiff's expert disclosures have notified Defendants of Plaintiff's ongoing health concerns.

[2] To address Defendants' counsel's staffing concerns, Plaintiff's counsel is also willing to meet and confer with Defendants to stipulate to a pretrial submission schedule that takes into account Defendants' counsel's parental leave such that pretrial submissions are made in advance of their leave.

of the trial team. Despite Plaintiff's characterization of Mr. Brothers as merely "one of multiple lawyers on the defense team," Plaintiff's counsel well knows Mr. Brothers' depth of knowledge and involvement in the defense of this case, which has included his active representation of Defendants at eight depositions where Plaintiff's counsel was present, including leading the defense or questioning in seven of those eight, and serving as the principal author of Defendants' summary judgment briefing. It is unreasonable given the extensive, complex and consequential nature of this case that a "new, supporting team member" of Defendants' firm—as Plaintiff's counsel proposes—can take his place at trial. Requiring Defendants to replace existing trial counsel at this late juncture would unfairly prejudice Defendants.

Further, Defendants expect that given the nature of this four-week, seven-defendant, multi-count lawsuit, the parties will engage in extensive pretrial filings and hearings, to include motions in limine, deposition designations and cross-designations, proposed instructions, trial briefs and potential juror questionnaire-related briefing. In order to both properly prepare for trial and handle all the noted and expected pre-trial activity, Defendants submit that a trial date beginning no sooner than February 2026 is necessary and provides an adequate but not excessive amount of time following counsels' respective returns from parental leave.

Defendants' request for a trial setting allowing their counsel to take parental leave is for good cause and does not frustrate any existing deadlines, as no trial date has yet been set.[3] Moreover, scheduling a four-week trial at a time when two of its trial counsel will be on parental leave leading up to and overlapping with the proposed date would greatly prejudice Defendants, resulting in the type of harm courts regularly seek to avoid by continuing trial dates to

---

[3] Plaintiff's counsel references unspecified "serious ongoing health issues" of Plaintiff they claim counsel in favor of a trial as soon as possible and cite as a reason to oppose Defendants' proposed 90-day extension. Without further details, Defendants are unable to specifically respond.

accommodate counsel's parental leave. *See, e.g., Russell v. T-Mobile USA, Inc.*, 2024 WL 5315309, at *1 (W.D. Wash. Dec. 23, 2024) (finding good cause under Federal Rule 16 to grant an extension of an *existing* trial date in a scheduling order due to "the anticipated due date of Plaintiff's counsel's child and counsel's parental leave,"); *Likens v. Southern Towing Company, LLC*, 2024 WL 4467610, at *1 (E.D. La. Sept. 16, 2024) (granting a motion to continue trial and extending the trial date from May to October "due to plaintiff's counsel maternity leave"); *Dempster v. Lamorak Insurance Co.*, 2021 WL 5905640, at *4 (E.D. La. Dec. 14, 2021) (noting that trial was set on a particular date "to accommodate maternity leave for *one of* the defense counsel") (emphasis added); *Morasch Meats, Inc. v. Frevol HPP, LLC*, 2018 WL 11409603, at *5 (D. Or. Oct. 1, 2018) (discussing the court's grant of counsel's request for a "set-over of the trial to take paternity leave"); *United States v. Larkin*, 2017 WL 8896196, at *4 (D. Nev. Feb. 2, 2017) (granting government's motion for trial continuance because case agent expected to testify at trial "would be on maternity leave for three months"); *United States v. Qazi*, 2017 WL 5076413, at *2 (D. Nev. Sept. 11, 2017) (continuing a trial from November to April to accommodate the maternity leave of an "essential" witness for the government, over the defendant's objection); *United States v. Atkinson*, 2007 WL 9760477, at *1 (W.D. Pa. March 19, 2007) (noting that the court granted two continuances by defendant to re-set trial "based on his attorney's maternity leave); *Cassidy-Ziegler v. City of Newport*, 2006 WL 8444605, at *3 (E.D. Ky. May 24, 2006) (granting defendants' motion "to continue the trial date based on their counsel's impending maternity leave" and extending it by four months).

    The parties appreciate the Court's consideration of this matter.

Dated: March 10, 2025

                                           /s/ Grace Paras
                                           Nick Brustin*

Amelia Green*
Grace Paras*
Neufeld Scheck & Brustin, LLP
200 Varick Street, Suite 800
New York, NY 10014
(212) 965-9081
nick@nsbcivilrights.com
amelia@nsbcivilrights.com
grace@nsbcivilrights.com
*Admitted pro hac vice

Michael J. Abrams, MO Bar #42196
Alana M. McMullin MO Bar #71072
Lathrop GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone:    816.292.2000
Telecopier:    816.292.2001
michael.abrams@lathropgpm.com
alana.mcmullin@lathropgpm.com

*Counsel for Plaintiff*


/s/ Nanthan F. Garrett
Nathan F. Garrett
Lucinda Luetkemeyer
Paul E. Brothers
J. Aaron Craig
Graves Garrett Greim LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Phone: (816) 256-3181
Fax: (816) 256-5958
ngarrett@gravesgarrett.com
LLuetkemeyer@gravesgarrett.com
pbrothers@gravesgarrett.com
acraig@gravesgarrett.com

*Counsel for Defendants*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 10th day of March, 2025, the foregoing was served on all counsel of record via the Court's e-filing system.

/s/ *Grace Paras*
Grace Paras
